**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ISRAEL RUIZ RAMOS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-737-G** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner Israel Ruiz Ramos filed an Amended Petition for Writ of Habeas Corpus (Doc. No. 6) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 13), to which Petitioner replied (Doc. No. 14).[1]

*I. Background*

Petitioner is a citizen of Mexico who entered the United States on an unknown date and was taken into custody. *See* Am. Pet. ¶ 19; Answer at 1; Doc. No. 13-1. He was subsequently issued a Notice to Appear and charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Am. Pet. ¶¶ 18-19; Answer at 1-2; Doc. No. 13-2. On January 5, 2021,

[1] The answering Respondents are Secretary Mullin, United States Attorney General Todd Blanche, and Robert Cerna, ICE Dallas Field Office Director of Enforcement and Removal.

Petitioner was released on a $1500 bond into the United States pursuant to 8 U.S.C. § 1226. Am. Pet. ¶ 20; Doc. No. 6-1; Answer at 2.[2]

On or about August 30, 2025, Petitioner was re-detained by ICE following a traffic stop. Am. Pet. ¶ 21. Petitioner has remained in custody at Cimarron Correctional Facility in Cushing, Oklahoma, since that time. *Id.*

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

Petitioner argues that Respondents' continued detention of him without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. *See* Am. Pet. ¶¶ 39-68. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *See id.* at 20.

Invoking multiple statutory interpretation arguments that have been previously detailed by this Court and others, Respondents argue that "ICE maintains that they are currently detaining Petitioner pursuant to 8 U.S.C. § 1225" and Petitioner is "correctly detained" under § 1225(b)(2)(A) as "an applicant for admission." Answer at 2-9; *see Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

[2] In August 2022, Petitioner filed a 42B application for cancellation of his removal. Am. Pet. ¶ 22; Answer at 2; Doc. No. 13-4; *see also* 8 U.S.C. § 1229b. On February 5, 2026, an Immigration Judge granted Petitioner's application and ordered that Petitioner be "released from immigration detention." Doc. No. 6-2, at 1-4. Respondents appealed that decision and allege that the appeal is still pending. *See* Answer at 2, 9; Doc. No. 13-6.

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the Answer and Reply, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Am. Pet. ¶¶ 21; *see Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Am. Pet. ¶¶ 18-19. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs, *see* Am. Pet. at 21. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "unambiguously authorize[s] fees in

habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Amended Petition for Writ of Habeas Corpus (Doc. No. 6) is GRANTED as to Petitioner's INA claim.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claims for relief are DISMISSED without prejudice.

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 16th day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge